UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-0095-JCC |
| Plaintiff, | ORDER |
| v. | |
| BRANDON CHARLES HATCH, | |
| Defendant. | |

This matter comes before the Court on the parties' stipulated protective order (Dkt. No. 13). The Court ENTERS the following:

1. <u>Protected Material</u>

The following documents and materials are deemed Protected Material. The Government will make available copies of the Protected Materials, including those filed under seal, to defense counsel to comply with the Government's discovery obligations. Possession of copies of the Protected Materials is limited to the attorneys of record, investigators, paralegals, law clerks, experts, and assistants for the attorneys of record (hereinafter collectively referred to as "members of the defense team"). The following are deemed "Protected Material":

    a. Grand Jury transcripts and exhibits;

    b. Victim and witness statements, including but not limited to reports of law enforcement officers memorializing victim and witness statements, and written and recorded

statements by the victim and witnesses;

    c. Digital and photographic evidence relating to the victim and other witnesses;

    d. Personal and other information, including Child Protective Services and Tribal Child Welfare records, concerning the victim and other witnesses. Documents, reports, or writings containing personal information about or related to the victim and witnesses provided by the Government in discovery is deemed Protected Material. As used in this order, the term "personal information" refers to each victim and witness's full name, date of birth, Social Security number (or other identification information), driver's license number, tribal identification, address, telephone number, location of residence or employment, school records, juvenile criminal records, child welfare, and other confidential information.

    2. <u>Scope of Review of Protected Material</u>

The members of the defense team may display and review the Protected Material with Defendant. The members of the defense team acknowledge that providing copies of the Protected Material to Defendant and other persons is prohibited, and agree not to duplicate or provide copies of Protected Material to Defendant and other persons.

The United States Attorney's Office for the Western District of Washington is similarly allowed to display and review the Protected Material to lay witnesses, but is otherwise prohibited from providing copies of the Protected Material to lay witnesses, i.e., non-law enforcement witnesses.

    3. <u>Consent to Terms of Protective Order</u>

Members of the defense team shall provide written consent and acknowledgement that they will each be bound by the terms and conditions of this order. The written consent need not be disclosed or produced to the Government unless requested by the Assistant United States Attorney and ordered by the Court.

    4. <u>Parties' Reciprocal Discovery Obligations</u>

Nothing in this order should be construed as imposing any discovery obligations on the

Government or Defendant that are different from those imposed by case law, Federal Rule of Criminal Procedure 16, and the Local Criminal Rules.

5. Filing of Protected Material

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matters before the Court shall be filed under seal and shall remain sealed until otherwise ordered by the Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant Local and Federal Rules of Criminal Procedure pertaining to the sealing of court documents.

6. Non-Termination

The provisions of this order shall not termination at the conclusion of this prosecution.

7. Violation of Protective Order

Any violation of any term or condition of this order by Defendant, any member of the defense team, or any attorney for the United States Attorney's Office for the Western District of Washington may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by the Court.

If the Defendant violates any term or condition of this order, the Government reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to Defendant's violation.

DATED this 18th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE